| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

| | | |
|---|---|---|
| RONALD CHARLES MAY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | CIVIL ACTION H-09-0744 |
| | § | |
| TEXAS BOARD OF PARDONS AND PAROLES, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Dismissal

Ronald Charles May, a state prison inmate, filed a civil rights complaint. 42 U.S.C. § 1983. May sues the Texas Board of Pardons and Paroles raising due process claims. He paid the filing fee.

May's claims follow. The Parole Board says May is not eligible for parole release or mandatory supervision release, and that his good conduct and work time credit does not count toward his parole eligibility and mandatory supervision release dates. The state court convicted May of a third-degree felony and sentenced him to three years in prison. He was convicted of possession of a controlled substance in a drug-free zone.

May points out his offense is non-violent, non-aggravated, and victimless. He says it is the lowest category of offense that fits in those three categories. He argues the Texas Legislature did not intend to deny mandatory supervision release to inmates sentenced under the drug-free-zone statute. He contends rehabilitation cannot be accomplished unless the Parole Board supervises a released inmate. He says that anyone with a sentence of five years or less is not entitled to parole or good-time credits. May contends sentencing under the drug-free-zone structure is unconstitutional. He seeks an order that the Parole Board grant him a parole date, award him his good time and work time credit, and damages.

Before May committed his offense, the Texas Legislature enacted a law providing that when an individual is convicted of possessing or selling drugs in places like a playground or school yard, a drug-fee zone, the punishment will be harsher because of the location. TEX. HEALTH & SAFETY CODE § 481.134 (Vernon 2008). The Texas Legislature also enacted legislation that rendered prisoners ineligible for mandatory supervision release when their punishment was increased under the

drug-free-zone law. TEX. GOV'T CODE § 508.149(a)(14) (Vernon 2008). The Texas Legislature also mandated that a person convicted under this legislative scheme is not eligible for parole release until his calendar time served (not counting good time credit) equals the lesser of five years or the full term of the sentence. TEX. GOV'T CODE § 508.145(e) (Vernon 2008).

May was convicted of possession of a controlled substance and sentenced to three years. Under Texas Government Code section 508.149, May is not eligible for mandatory supervision release. Under section 508.145, he is not eligible for parole release until he serves his full three-year term. This effectively eliminates parole for May because he will fully discharge his sentence before he becomes eligible for parole.

A prisoner has no constitutional right to be released before the expiration of his sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex*, 442 U.S. 1 (1979). May does not show a due process or other constitutional violation. The things about which he complains are simply part of the sentence attached to the offense for which he stands convicted.

May has not stated a claim recognized at law. 28 U.S.C. § 1915A(b)(1). This case will be dismissed. The clerk will send a copy to the District Clerk, Three-Strikes List, 211 West Ferguson, Tyler, Texas 75702.

Signed on July 21, 2009, at Houston, Texas.

Lynn N. Hughes
United States District Judge